UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **CHARLIE HOLDER ET AL** | **CASE NO. 6:20-CV-00875** |
| **VERSUS** | **JUDGE JUNEAU** |
| **THOMAS GRUENBECK ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is the Motion to Set Aside Default filed by Defendant, Farhan Mirza. (Rec. Doc. 42). Plaintiffs, Charlie Holder and Share Holders, LLC, opposed the Motion (Rec. Doc. 59), and Farhan Mirza replied (Rec. Doc. 65). Considering the evidence, the law, and the arguments of the parties, and for the following reasons, the Motion is granted.

## Factual Background

Plaintiffs filed this suit in July 2020 against several defendants alleging that Plaintiffs contracted to purchase KN95 face masks, but that they never received the masks or a return of their funds. (Rec. Doc. 1). Before the Court is the motion to set aside default by Farhan Mirza, a California citizen, who Plaintiffs allege "represented that they [Mirza and other Defendants] would be able to supply and facilitate the sale of the KN95 masks to Plaintiffs." (Rec. Doc. 1, ¶10; 22).

On September 14, 2020, Plaintiffs filed the Proof of Service indicating that Mirza was served by certified mail with a copy of the Complaint and summons

delivered "to an individual" in Anaheim California on August 5, 2020. (Rec. Doc. 30-1). Also, on August 5, 2020, Plaintiffs' counsel emailed Mirza personally advising him (and the other parties) of a telephone conference with the District Judge on the following day. (Rec. Doc. 65-1). Mirza personally attended the telephone conference on August 6, 2020. (Rec. Doc. 59-1, p. 1; Rec. Doc. 65, p. 2). At that time the Court attempted to schedule a preliminary injunction hearing; however, it was unable to do so due to the absence of some defendants. (Rec. Doc. 15).

On September 16, 2020, Plaintiffs requested entry of default against Mirza (Rec. Doc. 35), and the Clerk of Court entered default the following day (Rec. Doc. 38). That same day, September 17, 2020, Mirza filed a Motion to Dismiss for Lack of Jurisdiction; however, that Motion was deemed deficient since default had been entered again Mirza. (Rec. Doc. 39). The next day, September 18, 2020, Mirza filed the Motion to Set Aside Default at issue. (Rec. Doc. 42). Mirza contends that good cause exists to set aside the default, because he did not receive the certified mail with the summons and Complaint, and that, nevertheless, he acted expeditiously to respond to the suit. Plaintiffs contend that Mirza's failure to respond to the suit was willful, in light of his appearance at the August 6, 2020 telephone conference while failing to answer the suit.

## Law and Analysis

F.R.C.P. Rule 55 governs default judgments and states that the court may set aside an entry of default for good cause. Rule 55(c). The Fifth Circuit set forth the general standard applicable to setting aside the entry of default as follows:

> [F]ederal courts should not be agnostic with respect to the entry of default judgments, which are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits."
>
> To determine whether good cause to set aside a default exists— a "decision necessarily ... informed by equitable principles"—"we have found it useful to consider three factors ... [:] whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." Other factors may also be considered, including whether "the defendant acted expeditiously to correct the default."

*Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000) (Citations omitted.)

Although a motion to set aside a default decree under Fed.R.Civ.P. 55(c) is somewhat analogous to a motion to set aside a judgment under Fed.R.Civ.P. 60(b), the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect. *United States v. One Parcel of Real Prop.,* 763 F.2d 181, 183 (5th Cir. 1985).

## I. <u>Willfulness</u>

Mirza urges the Court to set aside the default because he did not receive or sign for the certified mail with the summons and Complaint. Indeed, the mail receipt attached to Plaintiffs' Proof of Service indicates only that the mail was delivered "to an individual at the address" in Anaheim, California on August 5, 2020. (Rec. Doc. 30-1). It does not identify the address or the individual. Although Mirza did participate in the August 6, 2020 telephone conference, Mirza presented evidence that his appearance was prompted by Plaintiffs' counsel's August 5, 2020 email (Rec. Doc. 65-1), rather than receipt of the summons. Moreover, Mirza filed his first pleading, a Motion to Dismiss for Lack of Jurisdiction, on September 17, 2020, the same day the Clerk entered default against him. (Rec. Doc. 38 and 39). Considering these facts, the Court finds that Mirza's failure to timely respond after August 5, 2020[1] was not willful.

## II. <u>Prejudice to Plaintiffs</u>

The Court also agrees with Mirza that setting aside the default will not prejudice Plaintiffs. The Fifth Circuit favors resolution of disputes on the merits. See

---

[1] Mirza has not argued that service was improper, and the Court makes no such finding. See *Baxter v. Anderson*, No. CV 16-142-JWD-RLB, 2016 WL 3748720, at *3 (M.D. La. June 21, 2016), *report and recommendation adopted,* No. CV 16-142-JWD-RLB, 2016 WL 3747614 (M.D. La. July 11, 2016) (discussing cases and finding that the Louisiana Long-Arm Statute, La. R.S. § 13:3204(A), does not require actual *receipt* of service of process to perfect service by certified mail on a non-resident).

*Lacy, supra*. "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained ... without a trial and by default. All that ... has [been] done is to give the defendants their day in court.'" *Lacy*, 227 F.3d at 293, quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir.1960).

Plaintiffs contend they are prejudiced by the additional time and expense incurred by Mirza's delay. The Court disagrees because Mirza's delay in responding to the suit was minimal. Further, the record reveals multiple reasons for delay unrelated to Mirza, such as the failure of other defendants to appear or participate. (See e.g. Rec. Doc. 15; 32; 36; 37). Hence, the Court finds that Plaintiff has not shown significant prejudice attributable to Mirza's delay.

### III. Meritorious Defense

Finally, Mirza contends he has a meritorious defense on the grounds of jurisdiction, as argued in his initially filed Motion to Dismiss for Lack of Jurisdiction. Mirza argues in the instant Motion to Set Aside Default, as well as in his jurisdictional Motion to Dismiss, that Plaintiffs allege no facts on the part of Mirza, a California resident, presenting any connection to activity in Louisiana. The Court shall address Mirza's jurisdictional arguments in a separate ruling on his

Motion to Dismiss. (Rec. Doc. 39). In the meantime, the Court considers the propriety of setting aside default in light of Mirza's objection to jurisdiction.

Whether the Court may enter a default against a party over whom the Court has no jurisdiction is a classic "chicken-or-the-egg" scenario. After all, it is an established federal law principle "that a party may silently suffer a default judgment and later challenge personal jurisdiction." *Jackson v. FIE Corp.,* 302 F.3d 515, 522–23 (5th Cir. 2002). Yet, the Court cannot reasonably know whether jurisdiction exists without the party having presented the argument and evidence of non-jurisdiction. The Court need not resolve the famous dilemma here, where Mirza has presented evidence of an arguably meritorious jurisdictional defense. The Court finds this is sufficient, at this early stage, under the lenient Rule 55(c) standard, to warrant setting aside the default.

## Conclusion

For these reasons, the Court finds that Defendant, Fahran Mirza, has met his burden to prove good cause under F.R.C.P. Rule 55(c) for setting aside the default. Therefore, the Court GRANTS the Motion to Set Aside Default (Rec. Doc. 42).

THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of March, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE