# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **CHARLIE HOLDER ET AL** | **CASE NO.  6:20-CV-00875** |
| **VERSUS** | **JUDGE JUNEAU** |
| **THOMAS GRUENBECK ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is the Motion to Dismiss for lack of jurisdiction filed by BAFF Consultants, Inc. and Farhan Mirza (at times "BAFF/Mirza"). (Rec. Doc. 39). Plaintiffs opposed the Motion (Rec. Doc. 58), and BAFF/Mirza replied (Rec. Doc. 63). The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court denies BAFF and Mirza's Motion without prejudice to their right to re-urge the Motion after completion of limited discovery.

## Factual Background

Plaintiffs filed this suit in July 2020 against several defendants arising out of a contract to purchase KN95 face masks. (Rec. Doc. 1). Plaintiffs alleged that in April 2020, they entered into a Purchase and Sale Agreement with BAFF, Mirza's company, as the seller of the masks and wire transferred $1,875,000 to Defendant

Gruenbeck, a California attorney allegedly involved in the transaction. (Rec. Doc. 1, ¶ 23-25). When Plaintiffs did not receive the masks as agreed, they demanded delivery and status updates from BAFF; however, Plaintiffs allege that BAFF "was unable to provide proof or status of" the masks. (Rec. Doc. 1, ¶27). On April 20, 2020, Plaintiffs and BAFF confirmed cancellation of the purchase order to Gruenbeck, and Plaintiffs demanded return of their funds. (Rec. Doc. 1, ¶ 32). Plaintiffs allege that Gruenbeck admitted to transferring a portion of the funds from an escrow account to the King Consultants, Inc., Burt King, and Asa Johnson ("the King Defendants"), each of whom is an alleged citizen of Louisiana. (Rec. Doc. 1, ¶33-34).

Having received neither the masks nor a refund, Plaintiffs filed this suit against Gruenbeck, the King Defendants, BAFF, and Mirza, *inter alia*. Before the Court is the Motion to Dismiss for lack of jurisdiction by the alleged sellers, Mirza (a California resident) and his company, BAFF (a Michigan corporation with its principal place of business in California). BAFF and Mirza contend the Western District of Louisiana does not have jurisdiction over them.

## Law and Analysis

BAFF and Mirza argue that Plaintiffs' Complaint fails to allege any fact that ties BAFF and Mirza to Louisiana. Plaintiffs first contend that BAFF and Mirza waived their objection to jurisdiction when Mirza personally participated in a

2

telephone conference on August 6, 2020. Second, Plaintiffs request the opportunity to conduct limited discovery in order to "flesh out the issues of contacts."

### I. Whether BAFF and Mirza waived their objection to personal jurisdiction.

F.R.C.P. Rule 12(h)(1) provides that a defendant waives his personal jurisdiction defense by failing to raise the defense in a Rule 12 motion or including it in responsive pleadings. A defendant may also waive his objection by failing to assert the objection with his first general appearance. *Jackson v. FIE Corp.,* 302 F.3d 515, 523 (5th Cir. 2002). "Whether there has been a general appearance or submission to the jurisdiction is to be determined by the nature of the acts done and the intent with which they were done." *Ervin v. Quintanilla*, 99 F.2d 935, 938 (5th Cir. 1938). In order to qualify as a general appearance, conduct should be clear and unequivocal as to the party's intention to submit to the court's personal jurisdiction. See *id*. citing *Grable v. Killits*, 6 Cir., 282 F. 185, 195. More recently, the Fifth Circuit instructed:

> A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction. We have previously stated that, "[i]n determining whether conduct is sufficient to be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Jones v. Sheehan, Young, & Culp, P.C.,* 82 F.3d 1334, 1340–41 (5th Cir.1996). Consequently, our task is to identify the conduct alleged to have constituted a general appearance and determine whether it demonstrates the requisite "affirmative action."

*Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002)

3

Plaintiffs contend BAFF and Mirza waived their objection when Mirza participated in a telephone conference with the District Court on August 6, 2020. The Court disagrees. The record reflects that Plaintiffs' counsel emailed Mirza personally to advise of the telephone conference, and that Mirza attended the telephone conference on August 6, 2020. (Rec. Doc. 59-1, p. 1; Rec. Doc. 65, p. 2; 65-1). At that time the Court attempted to schedule a preliminary injunction hearing; however, it was unable to do so due to the absence of some defendants. (Rec. Doc. 15). The record indicates the parties did not engage in any substantive discussion. At that time, Mirza and BAFF had just been served, but neither had formally appeared in the case or filed responsive pleadings. (Rec. Doc. 35; 38; 42).[1] In fact, BAFF and Mirza's first pleading through counsel was the instant Motion to Dismiss for lack of personal jurisdiction. Hence, the Court finds that Mirza's participation in the August 6, 2020 telephone conference did not constitute an appearance.

Moreover, it is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney." *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004). BAFF's first appearance was not until its counsel filed the instant Motion to Dismiss. Although Mirza could permissibly proceed *pro se*, the Court finds that Mirza's personal participation in a non-

---

[1] See the Court's separate ruling on Mirza's Motion to Set Aside Default.

substantive telephone scheduling conference does not constitute general appearance which could be deemed a waiver of his objection to personal jurisdiction. Thus, the Court finds that BAFF and Mirza did not waive their jurisdictional objection.

## II. Whether the Court has personal jurisdiction over BAFF and Mirza.

"Personal jurisdiction is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 623, n. 2 (5th Cir.1999). When, as in this case, a nonresident defendant challenges personal jurisdiction, the plaintiff, as the party seeking to invoke the power of the court, bears the burden of proving that jurisdiction exists. *Luv N'care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006), citing *Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir.1982); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.1985). Because BAFF/Mirza's motion will be decided without an evidentiary hearing, Plaintiffs are required to present facts sufficient to constitute a *prima facie* case of personal jurisdiction to satisfy their burden. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir.2003); *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir.2000). A *prima facie* showing of personal jurisdiction may be established by the pleadings, depositions, affidavits, or exhibits of record. *Guidry*, 188 F.3d at 625. The court must accept as true the party's uncontroverted allegations and resolve any factual conflicts in favor of the

plaintiff. *Central Freight*, 322 F.3d at 376; *Alpine View*, 205 F.3d at 214; *Stripling v. Jordan Production Co.*, 234 F.3d 863 (5th Cir.2000). But the court is not required to credit conclusory allegations, even if left uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

In determining whether personal jurisdiction is proper, a district court sitting in diversity, as in this case, applies the law of the forum state in which it sits. Fed. R. Civ. P. 4(e). The Louisiana Long-Arm Statute provides that this Court may exercise personal jurisdiction over any nonresident so long as the basis for such jurisdiction is consistent with the United States Constitution. Fed. R. Civ. P. 4(e). Consequently, the limits of the Louisiana Long-Arm statue are coextensive with the limits of constitutional due process. *Alonso v. Line*, 02-2644 (La. 05/20/03), 846 So.2d 745, *cert. denied*, 540 U.S. 967 (2003); *Petroleum Helicopters, Inc. v. Avco Corp.*, 513 So.2d 1188, 1192 (La. 1987). This Court need only determine whether subjecting BAFF/Mirza to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment. See, e.g., *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when: (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with that state, and (2) the exercise of jurisdiction does not offend traditional notions of fair play

and substantial justice. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.1999). In other words, due process is satisfied when the defendant's connection with Louisiana is such that the defendant should reasonably anticipate being hailed into court in Louisiana. *Id*.

Minimum contacts may give rise to either specific jurisdiction or general jurisdiction. Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Walk Haydel*, 517 F.3d at 243. General jurisdiction exists if the defendant has engaged in continuous and systematic activities in the forum state. *Id*. The minimum contacts inquiry is broader and more demanding when general jurisdiction is alleged, requiring a showing of substantial activities in the forum state. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 (5th Cir. 1992). Therefore,

> [w]here a defendant has continuous and systematic general business contacts with the forum state, the court may exercise general jurisdiction over any action brought against the defendant. Where contacts are less pervasive, the court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum.

*Luv N'care*, 438 F.3d at 469.

To determine whether this Court has personal jurisdiction over BAFF/Mirza in this lawsuit, it is necessary to first evaluate BAFF/Mirza's contacts with the State of Louisiana. If BAFF/Mirza has sufficient contacts to satisfy specific or general

7

jurisdiction, then the second part of the analysis requires an evaluation of the fairness of exercising jurisdiction over BAFF/Mirza.

The inquiry used to determine whether general jurisdiction exists is "dispute blind, the sole focus being on whether there are continuous and systematic contacts between the defendant and the forum." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999).

The inquiry used to determine whether specific jurisdiction exists has three steps. First, the court must determine whether the defendant has minimum contacts with the forum state or, in other words, whether the defendant has purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there. *Nuivo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir.2002). Random, fortuitous, or attenuated contacts are insufficient. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir.2007). Second, it must be determined whether the plaintiff's cause of action arises out of or results from the defendant's contacts with the forum. *Nuivo Pignone*, 310 F.3d at 378. Finally, if the plaintiff satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that the forum state's exercise of jurisdiction would be unfair or unreasonable. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir.2006).

The Court agrees with BAFF and Mirza that the Complaint does not set forth a *prima facie* case for personal jurisdiction against them. The Complaint alleges only that BAFF, a citizen of Michigan and California, and its principal, Mirza, a California resident, contracted with Plaintiffs, Texas citizens, for the purchase of masks. This case's only alleged connection to Louisiana is that the King Defendants are alleged to be citizens of Lafayette, Louisiana. (Rec. Doc. 1, ¶5-7).

Plaintiffs do not substantively contest the merits of BAFF and Mirza's position. Rather, Plaintiffs request the opportunity to conduct "limited discovery to further flesh out the issues of contacts and what purposeful availment BAFF performed in the state of Louisiana and or/what [sic] business it solicited, established or otherwise participated in to further establish that no violation of fair play would exist to continue this matter in Louisiana with BAFF." (Rec. Doc. 58, p. 6-7).

"Discovery on matters of personal jurisdiction [] need not be permitted unless the motion to dismiss raises issues of fact." *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). "When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Id.*, citing 4 Moore's Federal Practice P 26.69 at 26-504; Note, Discovery of Jurisdictional Facts, 59 Va.L.Rev. 533, 546 (1973). Thus, the Fifth Circuit "affirms denials of discovery on questions of personal jurisdiction in cases where the discovery sought 'could not have added any significant facts.'" *Id*.

Although Plaintiffs' request for limited discovery could be more precise, the Court finds that the Complaint allegations are sufficient to suggest a possible connection between BAFF/Mirza and the Louisiana King Defendants, such that issues of fact exist as to BAFF and Mirza's connection to Louisiana. The alleged events involve a transaction in which Plaintiffs agreed to purchase masks from BAFF, but Plaintiffs' funds were allegedly transferred, not to BAFF, but to the King Defendants, while Plaintiffs allegedly received neither masks nor refund. Plaintiffs alleged that they were "blindsided and shocked" by the King Defendants' involvement, as those parties were "entirely unknown to Plaintiffs." (Rec. Doc. 1, ¶33). Discovery as to BAFF/Mirza's relationship, if any, to the King Defendants, should be permitted in order to determine whether BAFF or Mirza has sufficient contacts with Louisiana to permit personal jurisdiction.

In their reply brief, BAFF and Mirza further seek dismissal for improper venue based on the existence of a forum selection clause; however, the Court declines to consider the venue argument, where BAFF and Mirza did not assert this position in their original motion to dismiss, and Plaintiffs did not have the opportunity to address it. Likewise, the Court does not address the propriety of service on BAFF (see Rec. Doc. 63, p. 2-3), where BAFF did not raise the argument in its motion to dismiss. *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir.

2010) (The court should generally not consider issues raised for the first time in the reply brief.)

## Conclusion

For the reasons discussed herein, BAFF Consultants, Inc.'s and Farhan Mirza's Motion to Dismiss (Rec. Doc. 39) is DENIED WITHOUT PREJUDICE. Plaintiffs are given the opportunity to conduct limited discovery regarding BAFF and Mirza's connection to the King Defendants and contacts with Louisiana. BAFF and Mirza may re-urge the Motion to Dismiss thereafter if warranted.

THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of March, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE